**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY HARP,

        Plaintiff,                              Case No. 2:21-cv-12446-NGE-JJCG
                                                District Judge Nancy G. Edmunds
v.                                               Magistrate Judge Jonathan J.C. Grey

KRISTINE AUSTIN, *et al*.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL OF
DEFENDANTS MICHIGAN DEPARTMENT OF CORRECTIONS AND
BRIAN STRICKLAND**

Anthony Harp, an incarcerated person, brings this complaint under 42 U.S.C. § 1983 against Kristine Austin, Sirena Landfair, Brian Strickland, JCF Healthcare Staff, Michigan Department of Corrections ("MDOC"), and Corizon Health Inc. ("Corizon Health") for violations of the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. (ECF No. 1.) Magistrate Judge David R. Grand waived prepayment of the filing fee. (ECF No. 4.) District Judge Nancy G. Edmunds then referred pretrial matters to the undersigned. (ECF No. 6.)

For the reasons that follow, the Court **RECOMMENDS** summary dismissal of the MDOC from the action under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2)(B),[1] 42 U.S.C. § 1997e(c), and Federal Rule of Civil Procedure 12(b)(1) and of Brian Strickland under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2)(B), and 42 U.S.C. § 1997e(c) for failure to plead any factual claims. In addition, the Court recommends that claims against Corizon Health, Austin, and Landfair survive initial screening and should proceed.

I.  **Complaint**

Harp names defendants Austin, Landfair, Strickland, JCF Healthcare Staff (Jane/John Does 1-5),[2] the MDOC, and Corizon Health. (ECF No. 1.) Harp asserts that the defendants have shown deliberate indifference to his serious medical conditions, including keratoconus, congenital nystagmus, severe corneal scarring, and cataracts. (*Id.* at PAGEID.16.) Also, Harp had a "cornea transplant" and lost vision in his left eye because of surgical complications, which left him with a prosthetic left eye. *Id*.

Harp also alleges that the defendants denied saline and multi-purpose cleaning solution, which "disinfects, cleans, and cushions the contact lense for his

---

[1] 28 U.S.C. § 1915(e)(2) applies in this case because Harp proceeds in forma pauperis. *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999).
[2] JCF Healthcare Staff have not been served because these defendants have not yet been identified.

right eye." (*Id*. at PAGEID.17-18.) Harp pleads that denial of solution puts him at risk of his contact lens becoming "permanently 'fused' or attached to his cornea" because he has been forced to leave the contact lens in his eye for long periods of time. (*Id*. at PAGEID.18.) This denial of solution has allegedly caused his cornea to become detached with his right eye when he tries to remove the contact lens to clean and disinfect it. *Id*.

As a result of the denial of solution, Harp asserts that on or around January 2021, he developed a severe infection in his right eye for which he has yet to receive necessary medical treatment. (*Id*. at PAGEID.16-17.) Harp alleges that this infection has caused redness, burning, and cloudiness in his right eye. (*Id*. at PAGEID.21-22.) Harp also pleads that delay and denial of necessary medical treatment has caused constant physical pain, deterioration of vision, and could lead to loss of vision in his only eye. (*Id*. at PAGEID.17-19.) In addition, Harp alleges that the defendants have refused to give him a lighted magnifier and monoscope. (*Id*. at PAGEID.19.)

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts must accept the alleged facts as true and make all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 663

(2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Complaints are also held to a plausibility standard in which the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Under 28 U.S.C. § 1915A(b), courts are required to dismiss a complaint if the prisoner sues a governmental entity, officer, or employee and the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant entitled to immunity. 28 U.S.C. § 1915A(b). Similarly, courts are required to dismiss a complaint upon determination that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Generally, courts may not sua sponte dismiss a complaint where the filing fee has been paid unless the courts gives the plaintiff notice and opportunity to amend the complaint. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A court may, however, sua sponte dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) without notice or opportunity to amend when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id*.

Harp represents himself in this matter. Although a pro se complaint is entitled to less stringent standards, it may be dismissed for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations and internal quotations omitted).

### III. Analysis

#### A. Claims against the MDOC

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) the defendant is a person who acted under color of state law and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Harp's complaint against the MDOC must be dismissed based on immunity. Harp sues the MDOC for monetary and injunctive relief. (ECF No. 1.) The Eleventh Amendment, however, bars § 1983 actions against a state and its agencies and departments unless that state has waived immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Pettway v. Michigan Department of Corrections*, No. 19-11201, 2019 WL 2369281, at *2 (E.D. Mich. Jun. 5, 2019). The state of Michigan has not consented to suit in § 1983 actions in federal court and Congress did not abrogate state sovereign immunity upon the passage of § 1983. *Johnson v.*

*Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against the state and its departments." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).

Here, Harp's claims for monetary damages and injunctive relief against the MDOC must be dismissed because the MDOC is entitled to Eleventh Amendment immunity. *See Brown v. Washington*, No. 19-1308, 2020 WL 1492020, at *2 (6th Cir. Mar. 16, 2020); *see also Bailey v. Michigan Dep't of Corrections*, No. 19-13442, 2020 WL 5291958, at *2 (E.D. Mich. Sept. 4, 2020). In addition, the MDOC is not considered a "person" for purposes of liability under § 1983. *Reilly v. Michigan Dep't of Corrections*, No. 1:09-cv-892, 2010 WL 2584158, at *3 (E.D. Mich. Jun. 24, 2010).

### B. Claims against Corizon Health

Harp sues the MDOC healthcare contractor Corizon Health. (ECF No. 1.) A private entity that performs a traditional state function in contract with a state, including "providing medical services to prison inmates[,] may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (citing *West v. Atkins*, 487 U.S. 42, 54 (1988)). For a government

contractor to be held liable, a plaintiff must show that he suffered injury from its custom or policy and that the government contractor implemented the custom or policy. *Street v. Corrections Corp. of America*, 102 F.3d 810, 817-18 (6th Cir. 1996); *see also LaPien v. Harzler*, No. 2:20-cv-12787, 2021 WL 120870, at *3 (E.D. Mich. Jan. 13, 2021) (citing *Street*, 102 F.3d at 817-18). The policy or custom must constitute the "moving force of the constitutional violation." *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978); *see also LaPien*, 2021 WL 120870, at *3.

Plaintiffs alleging supervisory liability "based on the creation of a policy or custom … must show that … the policy or custom itself amounts to deliberate indifference on the part of the supervisory officials." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Wagle v. Corizon*, No. 19-13787, 2020 WL 4584166, at * 4 (E.D. Mich. Aug. 10, 2020) (citing *Ronayne v. Ficano*, No. 98-1135, 1999 WL 183479, at *1 (6th Cir. Mar. 15, 1999)).

Harp pleads that Corizon Health had a duty to comply with its contract with the State of Michigan to provide healthcare services and medical providers to the MDOC. (ECF No. 1, PAGE.25.) Harp argues that Corizon Health's policies, practices, and procedures have led to his injuries. (*Id.* at PAGEID.7-8.) Harp also alleges systematic issues with Corizon's Health business model and lack of central coordination in providing medical services to inmates. (*Id.* at PAGEID.9-11.) In

7

addition, Harp pleads that Corizon has a history of employing providers with disciplinary issues who are unlicensed and unqualified. (*Id.* at PAGEID.12.) Construing Harp's complaint liberally and in the light most favorable to him, the Court finds that Harp has alleged that Corizon's policies and customs have amounted to deliberate indifference to his serious medical needs. Accordingly, Harp's claims against Corizon Health should survive initial screening under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2)(B), and 42 U.S.C. § 1997e(c).

### C. Claims against individual defendants

#### i. Harp failed to specify the capacity in which he sued individual defendants

Harp fails to plead whether he sued the defendants in their official or individual[3] capacities, which is important to determine whether claims against the defendants should proceed. The Supreme Court has stated that "[i]n many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacities, or both[, but] '[t]he course of proceedings' in such cases will typically indicate the nature of the liability sought to be imposed.'" *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (citing *Brandon v. Holt*, 469 U.S. 464, 469 (1985)).

---

[3] An individual capacity suit is also known as a personal capacity suit.

Thus, the undersigned finds it premature to determine whether Harp seeks to sue defendants in their individual capacity. *See Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995). The Court may return to this inquiry once it has received subsequent pleadings.

### ii. Claims Against Defendants Landfair and Austin

Harp sued defendants Austin and Landfair, identified as MDOC healthcare staff and officials.[4] (ECF No. 1.) Harp sought monetary damages against them and injunctive relief. *Id*. Since the undersigned awaits further pleadings to determine whether Harp sued Austin and Landfair in their individual and/or personal capacities, Harp's claims may continue.

### iii. Claims against Strickland

The Court next addressses allegations—or the lack thereof—as to Strickland. (ECF No. 1.) Other than in the title and caption of the case, the complaint does not mention Strickland by name. (*See generally* ECF No. 1.) In addition, although the title and caption of the case references Strickland, on two pages where he references the other defendants, Harp omits Strickland. (ECF No. 1, PAGEID.3, 20.)

---

[4] The complaint identifies Austin as NP (i.e., Nurse Practitioner) and Landfair as HUM (i.e., Health Unit Manager) employed as MDOC healthcare staff and officials. (ECF No. 1, PAGEID.1, 3, 6-7, 9-10, 14, 16, 20, 22-25.)

While screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim, courts routinely dismiss claims against defendants for failure to plead specific facts suggesting personal involvement in unconstitutional acts. *Robinson v. Michigan Dept. of Corrections Medical Healthcare Providers*, No. 19-10584, 2019 WL 2059120, at *3 (E.D. Mich. May 8, 2019). Here, Harp does not state any factual claims against Strickland. Accordingly, the undersigned recommends dismissal of Strickland as a defendant for the failure to state a claim. *See id.*; *see* 42 U.S.C. § 1997e(c).

### IV. Conclusion

Accordingly, the undersigned **RECOMMENDS** dismissal of the MDOC under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2)(B), 42 U.S.C. § 1997e(c), and Federal Rule of Civil Procedure 12(b)(1) due to Eleventh Amendment immunity.

**IT IS FURTHER RECOMMENDED** that Strickland be dismissed from this action under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2)(B), and 42 U.S.C. § 1997e(c) for failure to plead any factual claims.

**IT IS FURTHER RECOMMENDED** that claims against Corizon Health, Landfair, and Austin survive initial screening under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2)(B), 42 U.S.C. § 1997e(c).[5]

Dated: January 31, 2022          s/**Jonathan J.C. Grey**
                                                Jonathan J.C. Grey
                                                United States Magistrate Judge

---

[5] On January 18, 2022, the Court issued an order for Harp to identify JCF Healthcare Staff (ECF No. 16.) Thus, it is premature to make a recommendation as to the remaining defendants.

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2022.

s/ **S. Osorio**
Sandra Osorio
Case Manager
