UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HARP,

        Plaintiff,                      Case No. 2:21-cv-12446-NGE-JJCG
                                              District Judge Nancy G. Edmunds
v.                                           Magistrate Judge Jonathan J.C. Grey

KRISTINE AUSTIN, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION ON ANTHONY HARP'S
MOTION TO DISMISS JCF HEALTHCARE STAFF**

**I.    Background**

Anthony Harp, an incarcerated person, brings this complaint under 42 U.S.C. § 1983 against Kristine Austin, Sirena Landfair, Brian Strickland, JCF Healthcare Staff, Michigan Department of Corrections ("MDOC"), and Corizon Health Inc. ("Corizon Health") for violations of the Eighth Amendment, Americans with Disabilities Act, and Rehabilitation Act. (ECF No. 1.) District Judge Nancy G. Edmunds then referred pretrial matters to the undersigned. (ECF No. 6.)

On January 18, 2022, the Court issued an order which required Harp to identify JCF Healthcare Staff within 30 days or the undersigned would recommend dismissal of JCF Healthcare Staff for failure to timely serve or to prosecute. (ECF No. 16.) On January 31, 2022, the Court issued a report and recommendation for summary dismissal of Michigan Department of Corrections and Brian Strickland. (ECF No. 17.) The same day, the Court issued an order for Austin, Corizon Health, and Landfair to file an answer or responsive pleading by March 2, 2022. (ECF No. 18.) On February 2, 2022, Harp filed a motion to dismiss JCF Healthcare Staff from this action. (ECF No. 19.) The defendants have not filed a response to the motion.

For the reasons that follow, the undersigned **RECOMMENDS** that Harp's motion to dismiss act as a notice of dismissal of his complaint against JCF Healthcare Staff under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**II.  Analysis**

Harp filed a motion to dismiss JCF Healthcare Staff, and in the text of the motion he stated "I am unable to meet the deadline [to identify JCF Healthcare Staff]. Therefore I voluntarily dismiss 'JCF Healthcare Staff' aka John and Jane Do's /thru five." (ECF No. 19, PAGEID. 85.) The undersigned construes Harp's motion to dismiss as a notice of voluntary dismissal.

Under Rule 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before defendants file an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). A properly filed notice of dismissal is self-executing, so leave of court is not required. *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir.1993); *see also Rouse v. Caruso*, No. 06-10961, 2007 WL 909600, at *3 (E.D. Mich. Mar. 23, 2007) ("[N]otice[s] of voluntary dismissal [are] effective at the moment [they are] filed, and no judicial approval or court order is required." (internal quotations and citation omitted)).

Here, the undersigned finds that Harp's motion to dismiss is a self-executing notice of dismissal because Harp filed the motion before the defendants filed a responsive pleading. *Aamot*, 1 F.3d at 445. Further, the fact that Harp captioned the notice of dismissal as a motion is legally insignificant. *Rouse*, 2007 WL 909600, at *3. The undersigned finds that Harp filed a notice of dismissal under Rule 41(a)(1)(A)(i). Accordingly, the undersigned recommends that Judge Edmunds enter a notice of voluntary dismissal for Harp's claims against JCF Healthcare Staff.

### III. Conclusion

For the reasons mentioned, the Court **RECOMMENDS** that Judge Edmunds enter a notice of voluntary dismissal for Harp's claims against JCF Healthcare Staff under Rule 41(a)(1)(A)(i).

Dated:  March 1, 2022         s/**Jonathan J.C. Grey**
                              Jonathan J.C. Grey
                              United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 1, 2022.

                     s/ **S. Osorio**
                     Sandra Osorio
                     Case Manager