UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HARP,

    Plaintiff,

v.

KRISTINE AUSTIN and CORIZON
HEALTH INC.,

    Defendants.
_____/

Case No. 2:21-cv-12446
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

**<u>ORDER</u>**
**<u>GRANTING IN PART AND DENYING IN PART</u>**
**<u>DEFENDANTS' MOTION FOR</u>**
**<u>WITHDRAWAL OF ATTORNEY AND 120-DAY STAY (ECF No. 32)</u>**
**<u>AND</u>**
**<u>STAYING CASE FOR 90 DAYS</u>**

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act. Plaintiff Anthony Harp (Harp), proceeding *pro se*, filed a complaint against six defendants, the Michigan Department of Corrections (MDOC), Corizon Health Inc. (Corizon), JCF Healthcare Staff, Kristine Austin (Austin), Sirena Landfair (Landfair), and Brian Strickland (Strickland). During the relevant period, Landfair and Strickland were employed by the MDOC while Austin was employed by Corizon. In broad terms, Harp

1

alleges that the individual defendants were all deliberately indifferent to an eye infection he developed in his right eye leading him to suffer pain and vision loss. *See* ECF No. 1.  Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.  (ECF No. 33).[1]

All defendants except Corizon and Austin have been dismissed.  Pending before the Court are Corizon and Austin's motion for summary judgment, (ECF No. 31),[2] and motion for withdrawal of attorney and for a 120-day stay, (ECF No. 32).[3]

For the reasons that follow, the motion to withdraw and stay will be GRANTED IN PART and DENIED IN PART.  All proceedings will be stayed for 90 days.  The motion for withdrawal of attorney as to Austin will be GRANTED.  The motion to withdraw as to Corizon will be DENIED WITHOUT PREJUDICE.  Further, Harp is not required to file a response to Corizon and Austin's motion for

---

[1] This case was originally referred to a different magistrate judge.  It was recently reassigned to the undersigned on March 10, 2023, pursuant to Administrative Order 23-AO-012.

[2] Harp has not yet filed a response to Corizon and Austin's motion.

[3] "[A] 'motion to stay is nondispositive where it [does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.' " *Fluker v. Trans Union, LLC*, No. 1:22-CV-12240, 2023 WL 1112147, at *1 (E.D. Mich. Jan. 30, 2023) (quoting *Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015)).

summary judgment until the stay is lifted and he is given a date by which to file the response.

## II. Background

As to withdrawal of counsel, counsel for Corizon and Austin say that they believe they cannot continue to ethically represent both Corizon and Austin because their interests no longer align. (ECF No. 32, PageID.319-320). Accordingly, counsel seek to withdraw as to both defendants. (*Id.*).

In light of Corizon's pending bankruptcy petition and counsel's request to withdraw, Corizon and Austin move for a 120-day stay of proceedings in this case. (*Id.*, PageID.321-323).

## III. Motion to Stay

As to a stay, Corizon and Austin explain that on February 16, 2023, Corizon filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (Case No. 23-90086 (CML)). *See* ECF No. 32.

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, "it is . . . clear that a court must tread carefully in granting a stay of proceedings, since a

3

party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Austin and Corizon have presented good cause for a stay of proceedings. Indeed, Corizon's bankruptcy filing operates as an automatic stay as to the claims against it.

However, a 120-day stay is unnecessary. Harp has a right to have his claims heard "without undue delay," *id.*, and it appears that a 90-day stay is sufficient. As Corizon and Austin acknowledge in their motion, in "most cases" involving Corizon and insured individuals like Austin, counsel has moved for a stay of a "minimum of ninety (90) days on behalf of individual insureds." (*Id.*, PageID.321). The Court sees no reason to enter a 120-day stay instead of a 90-day stay in this matter.

IV. Motion to Withdraw

As to defense counsel's request to withdraw, determining whether counsel may withdraw is a matter left to a district court's discretion. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). When making its determination, a court considers the rules governing attorneys' professional conduct. *See id.* at 537-538. However, "[t]here are, of course, several occasions when a district court ought to prohibit counsel from withdrawing." *Id.* at 538. For example, "a district court

4

may forbid withdrawal if it would work severe prejudice on the client or third parties." *Id*.

Here, while defense counsel seeks to withdraw from their representation of Corizon and Austin, Corizon is a corporation while Austin is not. It has long been the rule that "[a] corporation . . . can appear only by attorney, while a natural person may appear for himself." *Osborn v. Bank of U.S.*, 22 U.S. 738, 830 (1824). Further, this matter has been automatically stayed as to Corizon based on its bankruptcy filing.

Under the circumstances, the better course of action is to permit counsel to withdraw as to Austin but deny the request without prejudice as to Corizon. Austin will have sufficient time to seek and obtain new counsel if she chooses to do so during the stay. And counsel for Corizon will not be prejudiced by remaining in the case during the stay. Counsel may file a new motion to withdraw after the expiration of both the 90-day stay and the automatic bankruptcy stay, and can inform the Court of relevant developments in Corizon's bankruptcy case at that time.

## V. Conclusion

For the reasons stated above, Corizon and Austin's motion for withdrawal of attorney and for a 120-day stay, (ECF No. 32), is GRANTED IN PART and DENIED IN PART.

All proceedings are STAYED for 90 days. Additionally, the motion for withdrawal of attorney is GRANTED as to Austin and DENIED WITHOUT PREJUDICE as to Corizon.

Finally, Harp is not required to file a response to the pending motion for summary judgment, (ECF No. 31), until after the stay is lifted. At that time, the Court will enter an order directing Harp to respond to the motion for summary judgment by a specified date.

SO ORDERED.

Dated: March 15, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 15, 2023.

s/Carolyn Ciesla  
CAROLYN CIESLA  
Case Manager